**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**STEPHANIE SMITH and**
**DONALD SMITH,**

**Plaintiffs,**

**Case No:**

**v.**

**U.S. BANK NATIONAL**
**ASSOCIATION,**

**DEMAND FOR JURY TRIAL**

**Defendant.**

**_______________________________/**

**PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT**

**COME NOW**, Plaintiffs, **STEPHANIE SMITH** ("Mrs. Smith") and **DONALD SMITH** ("Mr. Smith") (collectively "Mr. and Mrs. Smith" or "Plaintiffs"), by and through the undersigned counsel, and hereby sue and file this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **U.S. BANK NATIONAL ASSOCIATION** ("Defendant"), and in support thereof states as follows:

***Introduction***

1. This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et. seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by continuing to call Mr. and Mrs. Smith's cellular telephones after Mr. and Mrs. Smith

demanded several times that Defendant stop calling their cellular telephones, which can reasonably be expected to harass Mr. and Mrs. Smith.

## ***Jurisdiction and Venue***

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the TCPA pursuant to 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## ***Parties***

4. Plaintiffs, Mr. and Mrs. Smith were and are each a natural person and, at all times material hereto, are adults, residents of Pinellas County, Florida, and are each a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5. Mrs. Smith is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 678-***-6455 ("Mrs. Smith's Cellular Telephone").

6. Mr. Smith is also the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 678-***-3044 ("Mr. Smith's Cellular Telephone").

7. At all times material hereto, Defendant was and is a bank with headquarters located at 555 Anton Blvd., Suite 100, Costa Mesa, CA 92626.

***Statements of Fact***

8. Mr. and Mrs. Smith obtained a home mortgage loan to finance the purchase of their residence, which opened an account with Defendant under both their names ("Account").

9. Sometime thereafter, Mr. and Smith encountered financial difficulties and fell behind on their monthly installment payments towards the Account and incurred an alleged outstanding balance owed thereunder ("Debt").

10. In or around November of 2019, Defendant began placing calls to Mrs. Smith's Cellular Telephone in attempts to collect the Debt.

11. During that same time, Defendant began placing calls to Mr. Smith's Cellular Telephone in attempts to collect the Debt.

12. In or around November of 2019, Mr. and Mrs. Smith spoke with Defendant and demanded that Defendant stop calling their Cellular Telephones.

13. Despite Mr. Smith's demand, Defendant continued to place calls to Mr. Smith's Cellular Telephone in attempts to collect the Debt.

14. Despite Mrs. Smith's demand, Defendant continued to place calls to Mrs. Smith's Cellular Telephone in attempts to collect the Debt.

15. Mr. Smith contacted Defendant again and demanded that Defendant stop calling his Cellular Telephones.

16. Mrs. Smith contacted Defendant again and demanded that Defendant stop calling her Cellular Telephones.

17. Despite Mr. and Mrs. Smith's demands, Defendant continued to place calls to Mr. and Mrs. Smith's Cellular Telephones in attempts to collect the Debt.

18. Defendant called Mr. and Mrs. Smith's Cellular Telephones from several different telephone numbers, including, but not limited to: 800-365-7772.

19. Defendant has call Mr. and Mrs. Smith's Cellular Telephones at least forty (40) times since November of 2019.

20. All of Defendant's calls to Mrs. Smith's Cellular Telephone were placed in an attempt to collect the Debt.

21. All of Defendant's calls to Mr. Smith's Cellular Telephone were placed in an attempt to collect the Debt.

***Count 1: Violation of the Telephone Consumer Protection Act***

22. Mr. and Mrs. Smith re-allege paragraphs 1-21 and incorporate the same herein by reference.

23. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

24. Mr. Smith revoked consent to have Defendant call his Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or

prerecorded message in or around November of 2019 when he expressly told Defendant several times to stop calling both of their Cellular Telephones.

25. Mrs. Smith revoked consent to have Defendant call her Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around November of 2019 when she expressly told Defendant several times to stop calling both of their Cellular Telephones.

26. Despite this revocation of consent, Defendant thereafter continued to call Mr. and Mrs. Smith's Cellular Telephone at least forty (40) times.

27. Defendant did not place any emergency calls to Mr. and Mrs. Smith's Cellular Telephones.

28. Defendant willfully and knowingly placed non-emergency calls to Mr. and Mrs. Smith's Cellular Telephones.

29. Mr. and Mrs. Smith knew that Defendant called Mr. and Mrs. Smith's Cellular Telephones using an ATDS because they heard a pause when they answered at least one of the first few calls from Defendant on their Cellular Telephones before a live representative of Defendant came on the line.

30. Mr. and Mrs. Smith knew that Defendant called Mr. and Mrs. Smith's Cellular Telephones using a prerecorded voice because Defendant left Mr. and Mrs. Smith each at least one voicemail using a prerecorded voice.

31. Defendant used an ATDS when it placed at least one call to Mr. and Mrs. Smith's Cellular Telephones.

32. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Mr. and Mrs. Smith's Cellular Telephones.

33. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Mr. and Mrs. Smith's Cellular Telephones.

34. Under information and belief, Defendant used an ATDS when it placed all calls to Mr. and Mrs. Smith's Cellular Telephones.

35. At least one call that Defendant placed to Mr. and Mrs. Smith's Cellular Telephones was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

36. At least one call that Defendant placed to Mr. and Mrs. Smith's Cellular Telephones was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

37. At least one call that Defendant placed to Mr. and Mrs. Smith's Cellular Telephones was made using a telephone dialing system that uses a random number generator.

38. At least one call that Defendant placed to Mr. and Mrs. Smith's Cellular Telephones was made using a telephone dialing system that uses a sequential number generator.

39. At least one call that Defendant placed to Mr. and Mrs. Smith's Cellular Telephones was made using a prerecorded voice.

40. Defendant has recorded at least one conversation with Mr. and Mrs. Smith.

41. Defendant has recorded more than one conversation with Mr. and Mrs. Smith.

42. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. and Mrs. Smith for its financial gain.

43. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. and Mrs. Smith's Cellular Telephones, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

44. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. and Mrs. Smith despite individuals like Mr. and Mrs. Smith revoking any consent that Defendant believes it may have to place such calls.

45. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mr. and Mrs. Smith's Cellular Telephones.

46. Defendant has corporate policies to abuse and harass consumers like Mr. and Mrs. Smith.

47. Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

48. Defendant has been sued in federal court where the allegations include: calling an individual using an automated or prerecorded voice after the individual asked for the calls to stop.

49. Defendant's actions have damaged Mr. and Mrs. Smith by causing them embarrassment.

50. Defendant's actions have damaged Mr. and Mrs. Smith by causing them emotional distress.

51. Defendant's actions have damaged Mr. and Mrs. Smith by causing them stress.

52. Defendant's actions have damaged Mr. and Mrs. Smith by causing them anxiety.

53. Defendant's actions have damaged Mr. and Mrs. Smith by causing them aggravation and being a nuisance.

54. Defendant's actions have damaged Mr. and Mrs. Smith by invading their privacy.

55. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiffs respectfully request this Court to enter a judgment against Defendant in favor of each Plaintiff individually as follows:

   a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

    b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c. Awarding Plaintiff costs;

d. Ordering an injunction preventing further wrongful contact by the Defendant; and

e. Any other and further relief as this Court deems just and equitable.

***<u>Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")</u>***

56. Plaintiffs re-allege paragraphs 1-21 and incorporate the same herein by reference.

57. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

a. Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Mrs. Smith's Cellular Telephone despite Mrs. Smith's several demands that Defendant stop calling her Cellular Telephone, which can reasonably be expected to harass Mrs. Smith.

b. Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Mr. Smith's Cellular Telephone, despite Mrs. Smith's several demands that Defendant stop calling his Cellular Telephone, which can reasonably be expected to harass Mr. Smith.

58. As a result of the above violations of the FCCPA, Mr. and Mrs. Smith have been subjected to unwarranted and illegal collection activities and harassment for which they have been damaged.

59. Defendant's actions have damaged Mr. and Mrs. Smith by causing them embarrassment.

60. Defendant's actions have damaged Mr. and Mrs. Smith by causing them emotional distress.

61. Defendant's actions have damaged Mr. and Mrs. Smith by causing them stress.

62. Defendant's actions have damaged Mr. and Mrs. Smith by causing them anxiety.

63. Defendant's actions have damaged Mr. and Mrs. Smith by causing them aggravation and being a nuisance.

64. Defendant's actions have damaged Mr. and Mrs. Smith by invading their privacy.

65. It has been necessary for Mr. and Mrs. Smith to retain the undersigned counsel to prosecute the instant action, for which they are obligated to pay a reasonable attorney's fee.

66. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiffs respectfully request this Court to enter a judgment against Defendant in favor of each Plaintiff individually as follows:

    a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b. Awarding actual damages;

c. Awarding punitive damages;

d. Awarding costs and attorneys' fees; and

e. Any other and further relief as this Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiffs, Stephanie Smith and Donald Smith, demand a trial by jury on all issues so triable.

Respectfully submitted this **December 31, 2019**,

*/s/ Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
*Counsel for Plaintiffs*